**FILED**

AUG 0 1 2016

Clerk, U.S. District Court
District Of Montana
Great Falls

**KRIS A. MCLEAN**
**RYAN G. WELDON**
**Assistant U.S. Attorneys**
**ERIC E. NELSON**
**Special Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**Phone:**      **(406) 542-8851**
**FAX:**        **(406) 542-1476**
**Email:**      **Kris.McLean@usdoj.gov**
              **Nelson.Eric@epa.gov**
              **Ryan.Weldon@usdoj.gov**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 16-20-GF-BMM** |
| **Plaintiff,** | **PLEA AGREEMENT** |
| **vs.** | **Rule 11(c)(1)(C),** *Federal Rules of* |
| | *Criminal Procedure* |
| **FX DRILLING COMPANY, INC.,** | |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Kris A. McLean, Eric E. Nelson, and Ryan G.



AUSA    DEF    ATTY    Date

1

Weldon, and the defendant corporation, FX Drilling Company, Inc., and its attorneys, have agreed upon the following:

1.   **Scope:**   This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2.   **Charges:**   The defendant agrees to plead guilty to Count I of the Indictment, which charges the crime of Negligent Discharge of Oil into Waters of the United States that may be Harmful, in violation of 33 U.S.C. §§ 1321(b)(3), 1319(c)(1)(A), and 18 U.S.C. § 2. This offense carries a fine of not less than $2,500 nor more than $25,000 per day of the violation and a special assessment of $125. The defendant also agrees to plead guilty to Count II of the Indictment, which charges the crime of Failure to Immediately Notify Appropriate Federal Agency of Discharge of Oil into Waters of the United States in a Quantity that may be Harmful, in violation of 33 U.S.C. § 1321(b)(5) and 18 U.S.C. § 2. This offense carries a fine of up to $500,000, and a special assessment of $400.

3.   **Nature of the Agreement:**   The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by:

<u>       </u> <u>   </u> <u>   </u> <u> 8/1/16 </u>
    AUSA    DEF    ATTY   Date

2

Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*. The
defendant and the United States agree that a specific disposition of
a $100,000 fine for Counts I and II, which shall be concurrent, is
appropriate in this case. The defendant and the United States also
agree that FX Drilling Company, Inc., has satisfied its restitution
obligations by completing environmental cleanup work at the
impacted site and that the cost of this work to FX Drilling
Company, Inc., was $321,726.75. In exchange for the plea of
guilty to Counts I and II by FX Drilling Company, Inc., the
United States will move to dismiss the case against the co-
defendant Quay Geza Torok. In addition, FX Drilling Company,
Inc., will submit and obtain an approved Spill Prevention,
Control, and Countermeasure (SPCC) plan. The defendant
understands that if the agreement is accepted by the Court, it will
not have an automatic right to withdraw its plea. Rule
11(d)(2)(A), *Federal Rules of Criminal Procedure*. If the Court
rejects the agreement pursuant to Rule 11(c)(5), *Federal Rules of
Criminal Procedure*, the defendant will be able to withdraw its
plea and the parties will proceed to trial on all counts.

<u>Raw</u>  <u>N</u>  <u>OC</u>  <u>8/1/16</u>
AUSA  DEF  ATTY  Date

3

**4.     Admission of Guilt:**     The defendant will plead guilty to Count I in

the Indictment.  In pleading guilty, the defendant acknowledges that:

**First**, the defendant negligently discharged oil;

**Second**, the discharged oil entered a water of the United States; and,

**Third**, the oil was in a quantity that may be harmful.

The defendant will also plead guilty to Count II in the Indictment.  In pleading

guilty, the defendant acknowledges that:

**First**, the defendant was a corporation in charge of an onshore facility;

**Second**, oil was discharged from the defendant's onshore facility in a quantity
that may be harmful;

**Third**, the discharge entered a water of the United States; and,

**Fourth**, the defendant failed to immediately notify the appropriate federal
agency as soon as the defendant had knowledge of the discharge.

**5.     Waiver of Rights by Plea:**

(a)     The defendant has the right to plead not guilty or to persist in a

plea of not guilty.

(b)     The defendant has the right to a jury trial unless the defendant, by

written waiver, consents to a non-jury trial.  The government must also consent and

the court must approve a non-jury trial.

(c)     The defendant has the right to be represented by counsel.



AUSA     DEF     ATTY     Date

4

(d)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(e)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

$\frac{Ran}{AUSA}$ $\frac{N}{DEF}$ $\frac{QL}{ATTY}$ $\frac{8/1/16}{Date}$

5

(g)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

6.    **Sentencing Guidelines:**   Although advisory, the parties agree that the U.S. Sentencing Guidelines ("U.S.S.G.") must be applied as part of the protocol of sentencing to determine what sentence will be reasonable. The parties stipulate that the following Guideline provisions are relevant to the Court's sentencing determination:

(a)     U.S.S.G. §§ 8C2.2 through 8C2.9 (relating to calculation of fines for organizational defendants) do not apply in this case. *See* U.S.S.G. § 8C2.1, Background Commentary ("the provisions of §§ 8C2.2 through 8C2.9 do not apply to counts for which the applicable guideline offense level is determined under Chapter Two, Part Q (Offenses Involving the Environment)."); *see also United States v. BP Products N. Am. Inc.*, 610 F. Supp. 2d 655, 681 (S.D. Tex. 2009) ("The Sentencing



AUSA   DEF   ATTY   Date

Guidelines provisions on fines for organizational defendants do not apply to environmental offenses.").

(b)     Because U.S.S.G §§ 8C2.2 through 8C2.9 (relating to calculation of fines) do not apply in this case, the Court should apply U.S.S.G. § 8C2.10 in determining an appropriate fine. U.S.S.G. § 8C2.10 states "the court should determine an appropriate fine by applying the provisions of 18 U.S.C. §§ 3553 and 3572."

7.     **Statutory Sentencing Factors – Ability to Pay:** The parties agree that, in determining an appropriate sentence, the Court will consider the statutory sentencing factors set forth in 18 U.S.C. §§ 3553 and 3572. The parties also agree that, in evaluating the agreed Rule 11(c)(1)(C) disposition of this matter under §§ 3553 and 3572, the Court should consider, among other factors, FX Drilling Inc.'s current financial condition and ability to pay a fine. FX Drilling Inc. hereby agrees to provide the Court with information concerning its financial condition prior to the sentencing hearing.

8.     **Waiver of Appeal of the Sentence - General:**     The defendant understands that the law gives it a right to appeal and collaterally attack its conviction and sentence. Acknowledging this, the defendant knowingly waives any right to appeal its conviction and sentence and any right it may have to bring any other post-



AUSA     DEF     ATTY     Date

7

conviction attack on its conviction and sentence. It specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking its conviction and sentence.

**9.** **Voluntary Plea:** The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

**10.** **Waiver of PSR and Request for Expedited Sentencing:** The United States and the defendant agree to waive the preparation of a Presentence Investigation Report. The United States and the defendant will request an expedited sentencing hearing, which the parties agree should take place directly after the change of plea hearing.

**11.** **Breach:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

**12.** **Entire Agreement:** Any statements or representations made by the United States, the defendant, or its counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea

<u>     </u> <u>   </u> <u>   </u> <u>8/1/14</u>
AUSA    DEF    ATTY    Date

8

agreement.  **This plea agreement constitutes the entire agreement between the parties.  Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

MICHAEL W. COTTER
United States Attorney

KRIS A. MCLEAN
Assistant U.S. Attorney

FX DRILLING COMPANY, INC.
Defendant Corporation
By:  Clay Newton
Authorized Representative

JEFFREY C. COREY
Counsel for FX DRILLING COMPANY, INC.

| AUSA | DEF | ATTY | Date |
|------|-----|------|------|

9